Zhang v. Lynch

BIA
Segal, IJ
A087 871 767/768/769

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of August, two thousand sixteen.

PRESENT: JON O. NEWMAN,
        REENA RAGGI,
        RAYMOND J. LOHIER, JR.,
           *Circuit Judges.*

_____

LINA ZHANG, NING DU, TINGYUE DU,
        *Petitioners,*

      v.                 13-4685
                           NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,[*]
        *Respondent.*

_____

FOR PETITIONERS:      Dehai Zhang, Esq., Flushing, New York.

FOR RESPONDENT:      Joyce R. Branda, Acting Assistant Attorney General, Civil Division;

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

**Blair T. O'Connor, Assistant Director; John B. Holt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Lina Zhang, Ning Du, and Tingyue Du, natives and citizens of China, seek review of a November 25, 2013 order of the BIA affirming the November 2, 2011 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Lina Zhang*, *Ning Du, Tingyue Du*, Nos. A087 871 767/768/769 (B.I.A. Nov. 25, 2013), *aff'g* Nos. A087 871 767/768/769 (Immig. Ct. N.Y.C. Nov. 2, 2011). Zhang is the lead petitioner, and the others are derivative beneficiaries of her asylum claim. We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA and the IJ's decisions, including the portions of the IJ's decision not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See*

2

8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications governed by the REAL ID Act, such as Zhang's, the IJ may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, candor, or responsiveness, and inconsistencies in her statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d at 163-65.

Here, the totality of the circumstances, including Zhang's inconsistent and implausible testimony, supports the IJ's adverse credibility determination. Zhang claims that she was persecuted in China because she violated that country's family planning policy, and she claims that she fears future persecution on account of her Christian faith. The IJ reasonably found Zhang's testimony inconsistent with her asylum application. Zhang testified that after being subjected to a forced abortion, she stayed home for about one month. Her asylum application affidavit, however, states that she was hospitalized for one month after her abortion. When confronted with this discrepancy, Zhang admitted that she lied

3

in her original affidavit, explaining that her prior attorney's secretary instructed her to embellish her claim. When asked why she did not correct this error before the merits hearing, Zhang stated that she "forgot." Certified Administrative Record ("C.A.R.") 85. The IJ reasonably found these explanations unpersuasive. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Zhang's testimony was also inconsistent with that of her husband's. Zhang's husband testified that she was hospitalized for a month after her abortion. When confronted with Zhang's statement that she lied about how long she was hospitalized, her husband asserted that Zhang must have "remembered it wrong." C.A.R. 115. Additionally, Zhang testified that after she returned to work, she was fired about one month later. Her husband, however, testified that Zhang had a confrontation with her boss on the first day she returned to work, and only worked for a few more days.

Finally, Zhang testified that, although she attended church in Virginia when she visited her daughter, she did not attend a church when she was home in New York City because she could not find a service conducted in Chinese. The IJ reasonably found it implausible that Zhang would not be able

4

to find such a church in New York City, particularly given her testimony that she made little attempt to search for one.  *See Xiu Xia Lin v. Mukasey*, 534 F.3d at 168.

Given Zhang's inconsistent and implausible testimony, substantial evidence supports the agency's adverse credibility determination, which provided an adequate basis for denying her asylum, withholding of removal, and CAT relief.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167; *see also Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5